# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR HERNANDEZ,<br><br>                      Plaintiff,<br>  vs.<br>EXCELL SECURITY, et al.,<br><br>                      Defendant. | CASE NO. 12cv1163-LAB (WMc)<br><br>**ORDER OF DISMISSAL** |

      On May 24, 2012, Defendant Harrah's Rincon Casino & Resort filed a substantial motion to dismiss this entire action for a variety of reasons, including lack of subject matter jurisdiction, personal jurisdiction over Harrah's, and failure to join an indispensable party. The hearing date for this motion is July 30, 2012. Under Civil Local Rule 7.1(e)(2), the opposition was therefore due on July 16, 2012.

      Plaintiff, however, has filed no opposition. Pursuant to Civil Local Rule 7.1(f)(3)(c), failure to file an opposition when due may constitute consent to the motion's being granted. The Court so construes Plaintiff's failure to file an opposition.

      Harrah's motion, however, points out a problem. This action was originally filed in California state court, and removed by Harrah's. The notice of removal represents that the Court has subject matter jurisdiction over this action because of the presence of a substantial federal question. Assuming, *arguendo*, that the motion to dismiss has correctly pointed out a lack of subject matter jurisdiction, this matter was improperly removed and

must be remanded, not dismissed. *See Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that, once federal district court determined it lacked subject matter jurisdiction over removed case, it could not dismiss but was required to remand).

The original complaint's claim, arising from a security firm's allegedly negligent handling of an assault in a night club on Harrah's premises, initially appears to be entirely a creature of state law, under the well-pleaded complaint rule. However, as the notice of removal points out, there is an exception to that rule for claims completely preempted by federal law. Here, a necessary element of the claim is the state of California's power to exercise authority over the conduct of a federally-recognized tribe's enterprise on tribal lands. *See Muhammad v. Comanche Nation Casino*, 742 F. Supp. 2d 1268, 1276–77 (W.D.Okla., 2010) (claim arising from slip and fall in tribally-owned casino was completely preempted, and thus removable).

Although the motion to dismiss argues this Court lacks subject matter jurisdiction to adjudicate this claim, it is actually invoking procedural bars. Such bars would prevent this Court from reaching the merits (assuming no exception applied), but the Court still has jurisdiction to determine whether the bar exists. *See, e.g., Elliott v. White Mtn. Apache Tribal Ct.*, 556 F.3d 842, 849 (9th Cir. 2009) (before determining whether exhaustion of tribal court remedies is required, federal court must only decide whether tribal court jurisdiction is plausible).

Because it appears the Court has subject matter jurisdiction over this action, and because no party objects to the granting of Harrah's motion to dismiss, this action is **DISMISSED WITHOUT PREJUDICE, BUT WITHOUT LEAVE TO AMEND**. All pending motions are **DISMISSED AS MOOT** and pending dates are **VACATED**.

**IT IS SO ORDERED**.

DATED: July 26, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge